**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MAXIE JOE MCADOO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00147-JMB |
| | ) | |
| DAVID SNYDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Maxie Joe McAdoo, Jr. for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.47. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff arising out of the same facts.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an inmate bank transaction list from the Wayne County Sheriff's Office for the six month period preceding his application as required by 28 U.S.C. § 1915(a)(2). Based on this financial information, it appears that plaintiff maintains an average monthly balance of $17.33. The Court will require plaintiff to pay an initial partial filing fee of $3.47, which is twenty percent of his average monthly deposit.

## Background

Plaintiff's civil rights action arises out of his arrest and prosecution in an underlying criminal case pending in the Circuit Court of Wayne County, Missouri. *See State v. Maxie J. McAdoo Jr.*, No. 20WY-CR00554-01 (Wayne Cty. Cir. Ct. filed Oct. 26, 2020). Plaintiff is charged with three counts of child molestation in the first degree, a class B felony. Plaintiff's case is set for trial on December 14, 2022.[1] *Id.*

## The Complaint

Plaintiff is a pretrial detainee at the Wayne County Jail in Greenville, Missouri. He brings this civil rights complaint under 48 U.S.C. § 1983 alleging false arrest and false imprisonment against defendants David Snyder (Sheriff's Deputy, Wayne County), Michael Anderson

---

[1] Plaintiff has another class A felony criminal charge pending against him in the Wayne County Circuit Court arising out of the assault of a fellow inmate in the Wayne County Jail on July 13, 2022. The probable cause statement states that the victim suffered severe head trauma and a punctured lung and was transferred from the Poplar Bluff Regional Hospital to Barnes Hospital the day after the assault. *State v. McAdoo*, No. 22WY-CR00432 (Wayne Cty. Cir. Ct. filed Jul. 20, 2022).

(Prosecuting Attorney, Wayne County), Brian Parker (Prosecuting Attorney, Wayne County), and Unknown Joyner (Assistant Prosecuting Attorney, Wayne County). Plaintiff's claims arise out of an arrest in Wayne County on October 26, 2020.

Plaintiff states that defendant David Snyder arrested him based on a rumor originating in Texas "without warrant from Judge [and] without legal jurisdiction." He states defendants Michael Anderson and Brian Patrick are prosecuting him unlawfully for these crimes and that the allegations against him are false. He states he was arrested without a legal warrant and has been awaiting trial for two years.[2] He asserts violations of his Fourth, Sixth, Eighth, Tenth, and Thirteenth Amendment rights arising out of this arrest and prosecution.

For relief, he seeks $1,800 per day, which he calculates to total $1 million.

## Discussion

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it

---

[2] He also alleges medical neglect and medical negligence against defendants, but states no facts to support these allegations. Plaintiff does not list any serious medical need or the denial of any care or treatment.

will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts claims for false arrest, false imprisonment, and unlawful prosecution. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter currently pending against plaintiff has been resolved through criminal appeals and post-conviction processes.

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without paying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $3.47 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal proceedings against plaintiff in *State v. Maxie J. McAdoo Jr.*, No. 20WY-CR00554-01 (Wayne Cty. Cir. Ct. filed Oct. 26, 2020).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Maxie J. McAdoo Jr.*, No. 20WY-CR00554-01 (Wayne Cty. Cir. Ct. filed Oct. 26, 2020).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal proceedings pending against plaintiff in *State v. Maxie J. McAdoo Jr.*, No. 20WY-CR00554-01 (Wayne Cty. Cir. Ct. filed Oct. 26, 2020). This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this 2nd day of November, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE