## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| MAXIE JOE MCADOO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:22-cv-00147-JMB |
| | ) |
| DAVID SNYDER, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This civil rights matter is before the Court on initial review of self-represented plaintiff Maxie Joe McAdoo, Jr.'s amended complaint. For the reasons stated below, the Court will grant plaintiff thirty days to file a second amended complaint in accordance with the instructions set forth the in this Order.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## Procedural Background

Plaintiff's action arises out of his arrest and prosecution in an underlying criminal case in the Circuit Court of Wayne County, Missouri. *See State v. Maxie J. McAdoo Jr.*, No. 20WY-CR00554-01 (Wayne Cty. Cir. Ct. filed Oct. 26, 2020). On November 2, 2022, the Court granted plaintiff's motion to proceed in forma pauperis and stayed and administratively closed this case pending final disposition of the criminal proceedings pending against him. As instructed by the Court, plaintiff moved to reopen this case when the criminal case against him was dismissed by the prosecution.

Following the reopening of the case, the Court ordered plaintiff to file an amended complaint, which is now before the Court on initial review pursuant to 28 U.S.C. § 1915. Because plaintiff has already been granted leave to proceed in forma pauperis, the Court will deny as moot plaintiff's second motion for leave to proceed in forma pauperis.

## The Amended Complaint

Plaintiff brings this civil rights complaint under 48 U.S.C. § 1983 alleging false arrest and false imprisonment against defendants David Snyder (Sheriff's Deputy, Wayne County), Michael Anderson (Prosecuting Attorney, Wayne County), Brian Parker (Prosecuting Attorney, Wayne County), and Ginger Joyner (Prosecuting Attorney, Wayne County). He sues all defendants in their official capacities only.

Plaintiff states that on June 5, 2020, he was arrested at his home in Marble Falls, Texas and charged with two counts of parental kidnapping. On October 27, 2020, he appeared in Wayne County Circuit Court for his arraignment. At his next court appearance, however, he states that the Judge told him that the government was dismissing these charges. The Judge said the prosecuting attorney, defendant Michael Anderson, was now charging him with three class B felony charges of child molestation. *State v. Maxie J. McAdoo Jr.*, No. 20WY-CR00554-01 (Wayne Cty. Cir. Ct.), ECF No. 16 at 19. Plaintiff spent the next two and a half years in the Wayne County Jail while these charges were pending. Then on January 23, 2023, the prosecution dismissed the charges. *Id*.

Plaintiff alleges defendant David Snyder, Wayne County Sheriff's Deputy, investigated the case and knew that the witnesses' allegations were false. He alleges defendants Michael Anderson, Brian Parker, and Ginger Joyner, the Wayne County Prosecuting Attorneys, also knew the allegations were false but held him for two and a half years in the Wayne County Jail before dismissing the charges.

Plaintiff states that because of the nature of the charges, he was assaulted multiple times in jail. Additionally, he was unable to attend his mother's funeral because of his incarceration. He lost his homes in Missouri and Texas. He states that he lost his business and his children were taken away from him. "I was financially ruined and my name was also ruined I lost all vehicles, tools, etc. . . . everything." For relief, plaintiff seeks $1,648,000, which he calculates as $1,800 per day for 910 days. He also seeks punitive damages of an unspecified amount.

## Discussion

Plaintiff's amended complaint is subject to dismissal because he has sued all defendants in their official capacities only. In an official capacity claim against an individual, the claim is

-3-

actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer," in this case, Wayne County. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"). To prevail on his official capacity claims, plaintiff would have to establish Wayne County's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Plaintiff has not alleged any injuries resulting from an official policy, unofficial custom, or failure to train and supervise on the part of Wayne County. Thus, his claims against defendants in their official capacities must be dismissed. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Assuming plaintiff were to file a second amended complaint to sue defendants in their individual capacities, he might be able to state a plausible claim under § 1983 for false arrest, false imprisonment, or malicious prosecution against defendants. *See e.g.*, *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990) (discussing malicious prosecution as a potential basis for a § 1983 action). For this reason, the Court will grant plaintiff thirty days to file a second amended complaint in accordance with the instructions below.

**Instructions for Second Amended Complaint**

Plaintiff shall have thirty (30) days from the date of this Order to file a second amended complaint on a Court-provided form. Plaintiff is warned that the filing of the second amended complaint replaces the original and the amended complaint, and so it must include all claims plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

In the "Statement of Claim" section of the second amended complaint, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff is advised that if he sues defendants only in their official capacities, the suit is subject to dismissal as discussed above.

Plaintiff should proceed in the same manner with each defendant, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations specific to that particular defendant and the rights that defendant violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

If plaintiff fails to file a second amended complaint on a Court-provided form within thirty (30) days, the Court will dismiss this action without prejudice.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of

counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his claim. *Phillips v. Jasper Cty Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion for leave to proceed in forma pauperis is **DENIED as moot**. [ECF No. 17]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED**. [ECF No. 18]

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this memorandum and order plaintiff shall file a second amended complaint in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss his complaint without prejudice and without further notice.

Dated this <u>18th</u> day of August, 2023.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE
