## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| MAXIE JOE MCADOO, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-cv-00147-JMB |
| DAVID SNYDER, et al., | ) ) ) |
| Defendants. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on initial review of self-represented plaintiff Maxie Joe McAdoo, Jr.'s second amended prisoner civil rights complaint. For the following reasons, plaintiff's second amended complaint will be dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2).

### Standard of Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**Background**

On August 18, 2023, the Court reviewed plaintiff's amended complaint and found that it was subject to dismissal because plaintiff had sued defendants only in their official capacities, not their individual capacities. The Court ordered plaintiff to file a second amended complaint. *See* ECF No. 21. On September 27, 2023, plaintiff filed his second amended complaint suing defendants in their individual capacities only.

**The Second Amended Complaint**

Plaintiff brings this prisoner civil rights complaint against defendants David Snyder, a Sheriff's Deputy in Wayne County, Missouri, and Michael Anderson, Brian Parker, and Ginger Joyner, Prosecuting Attorneys in Wayne County. He sues all defendants in their individual capacities only.

Plaintiff states that defendant Michael Anderson charged him with three counts of child molestation, knowing the charges were false and fabricated. Plaintiff states defendants purposely did this to hold him in jail until he lost custody of his children. He states that he could not attend

his mother's funeral because of his incarceration on these charges. He states that because of the nature of the charges, he was assaulted several times during his stay at the Wayne County Jail. Finally, while in the Jail, plaintiff was charged with first degree assault for assaulting another inmate and sentenced to ten years' imprisonment. Plaintiff states that had he not been in jail on the fabricated charges, this would not have occurred and he would not be facing a ten-year sentence.

The child molestation charges were dropped by the prosecution after two and a half years of pursuing the charges. Plaintiff states that he lost his business, vehicles, and family. He states his name was ruined. For relief, plaintiff seeks $1,648,000, which he calculates at $1,800 per day for the 910 days he was at the Wayne County Jail.

## Discussion

*Defendant David Snyder, Wayne County Sheriff's Deputy*

Plaintiff sues Sheriff's Deputy David Snyder for violating plaintiff's Fourth Amendment right by falsely arresting and imprisoning him. "Under the Fourth Amendment, a person has a right to be secure in his person and warrants may not issue but upon probable cause." *Ross v. City of Jackson, Mo.*, 897 F.3d 916, 920 (8th Cir. 2018). However, a false arrest claim under 42 U.S.C. § 1983 "fails as a matter of law where the officer had probable cause to make the arrest." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).

Probable cause exists where there are facts and circumstances within a law enforcement officer's knowledge that are sufficient to lead a person of reasonable caution to believe that a suspect has committed or is committing a crime. *Galarnyk v. Fraser*, 687 F.3d 1070, 1074 (8th Cir. 2012). "The substance of all the definitions of probable cause is a reasonable ground for belief of guilt." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010).

Probable cause can still exist even when an officer mistakenly arrests a suspect, as long as the mistake is objectively reasonable. *Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008). Nonetheless, the substantial latitude given to law enforcement officers is "not without limits," and an officer "is not free to disregard plainly exculpatory evidence." *Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999). Furthermore, "probable cause does not exist when a minimal further investigation would have exonerated the suspect." *Id*.

Plaintiff alleges that defendant Snyder "knew [the child molestation charges] were false and were fabricated to hold me in the Wayne County Jail until I lost custody of all my kids." Plaintiff states no facts from which he bases this conclusory statement. Plaintiff does not state defendant Snyder's name in the body of his complaint and makes no specific allegations against him. Plaintiff has listed defendant Snyder as a Deputy Sheriff in Wayne County, but the Court has no information regarding Snyder's role in the investigation and arrest of plaintiff. Plaintiff has not alleged, for example, that Snyder failed to properly investigate the claims, talk to witnesses, take statements, or corroborate witness accounts. He does not allege what the false evidence was or how defendants knew it was fabricated. Nor does he allege Snyder disregarded exculpatory evidence. He has not alleged defendant Snyder lacked reasonable cause to believe the child molestation occurred. The only evidence the Court has to support plaintiff's claim of false arrest is the fact that the child molestation charges were eventually dismissed. This alone does not establish that Officer Snyder did not have probable cause to arrest plaintiff.

Plaintiff has alleged no facts in the second amended complaint from which the Court could find a plausible claim of false arrest and false imprisonment against Sheriff Deputy Snyder. The Court will dismiss the complaint as to defendant Snyder for failure to state a claim upon which relief may be granted.

*Defendants Michael Anderson, Brian Parker, and Ginger Joyner*

Plaintiff sues three prosecuting attorneys for Wayne County: Michael Anderson, Brian Parker, and Ginger Joyner. Because defendants are entitled to prosecutorial immunity, plaintiff's complaint against these defendants will be dismissed for failure to state a claim upon which relief may be granted.

Prosecutors are immune from 42 U.S.C. § 1983 liability so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). "Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006). Prosecutorial immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Sample*, 836 F.3d at 916. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006).

Here, plaintiff's only allegation against defendants is that he was charged by Michael Anderson with three counts of child molestation and "he and all other named defendants knew [these charges] were false and were fabricated to hold me in the Wayne County Jail until I lost custody of all my kids." These actions fall squarely within the scope of duties for which prosecutors are immune. "The acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461

F.3d 1043, 1046 (8th Cir. 2006). Defendants Michael Anderson, Brian Parker, and Ginger Joyner are entitled to prosecutorial immunity, and will be dismissed from this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second amended complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

An order of dismissal will accompany this opinion, memorandum and order.

Dated this 24th day of October, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE